UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHLEEN SYPERT, on behalf of herself and all others similarly situated,

                Plaintiffs,

– against –

MEDICAL ARTS RADIOLOGICAL GROUP, P.C.,

                Defendant.

**ORDER**

18 Civ. 4212 (ER)

Ramos, D.J.:

On May 10, 2018, Kathleen Sypert brought suit against Medical Arts Radiological Group, P.C. alleging violations of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. Doc. 1. On November 14, 2018, Defendant answered. Doc. 14. On November 12, 2020, because the parties had not been in contact with the Court for nearly two years, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute by November 30, 2020. Doc. 15. The Court also warned that, "[f]ailure to comply with Court orders may result in sanctions, including dismissal of the case for failure to prosecute under Federal Rule of Civil Procedure 41(b)." *Id.* Plaintiff never responded and has now not been in contact with the Court for over two years. Because Plaintiff has failed to prosecute her case, the Court dismisses her claims with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider

> (1) the duration of the plaintiff's failures,
> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

## II.     Discussion

In the instant case, all factors weigh in favor of dismissal. *First*, Plaintiff has not complied with the Court's order to show cause, and has not otherwise been in contact with the Court for over two years. Plaintiff's silence weighs in favor of dismissal. *Chappell v. City of Peekskill*, No. 18 Civ. 5901 (PMH), 2020 WL 6947427, at *3 (S.D.N.Y. Nov. 25, 2020) (finding "inexcusable" that "Plaintiff has not complied with the Court's directives and, based upon the docket, has not taken any steps to advance this matter in more than two years"); *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (dismissing under Rule 41(b) where "Plaintiff has not responded to the Court's Orders or otherwise communicated an intention to participate in this case for more than two years").

*Second*, Plaintiff was given notice that his case could be dismissed for failure to prosecute if she did not contact the Court. The Court specifically warned Plaintiff that "[f]ailure to comply with Court orders may result in sanctions, including dismissal of the case for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Doc. 15. Despite this clear warning, Plaintiff has not contacted the Court.

*Third*, prejudice may be presumed from Plaintiff's "lengthy and inexcusable" two-year absence.  *Chappell*, 2020 WL 6947427, at *3 (citation omitted); *Honsaker*, 2020 WL 6082094, at *3 (citation omitted).

*Fourth*, Plaintiff has not taken advantage of her "right to due process and a fair chance to be heard[.]" *LeSane*, 239 F.3d at 209.  However, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker*, 2020 WL 6082094, at *3 (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, there is no weaker sanction than dismissal that could remedy Plaintiff's failure to prosecute this case.  Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all of these reasons, the Court dismisses Plaintiff's case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   December 1, 2020
        New York, New York

                                                        EDGARDO RAMOS, U.S.D.J.